William T. Cowin, J.
Plaintiff judgment creditor moves for an order directing the Sheriff of the City of New York to serve upon the employer of the defendant judgment debtor a copy of an income execution delivered to the Sheriff on September 10, 1963 in accordance with the provisions of 5231 of the Civil Practice Law and Buies.
After the recovery of a judgment by plaintiff against defendant in May, 1963, an income execution on the salary of the defendant was delivered to the Sheriff who then made a demand for payment on the debtor. The latter advised the Sheriff that there was an outstanding assignment of his wages and made no payments under the income execution. Plaintiff then requested the Sheriff to serve the income execution upon defendant’s employer but the Sheriff refused to do so until the debtor’s *950 employer will have paid out from the debtor’s earnings all the moneys due on the assignment of wages.
In lieu of the garnishee executions previously provided for in the Civil Practice Act, a procedure has been devised under 5231 of the Civil Practice Law and Rules to avoid annoyances to third parties and to give the judgment debtor an opportunity to make payment without embarrassment. Under it, the Sheriff first serves the judgment debtor with an “ income execution ” (subd. [b]) which contains a notice that the judgment debtor shall commence payment of the installment specified and that upon default the execution will be served upon the person from whom he is receiving or will receive' money (subd. [a]). Upon the debtor’s failure to make the payments as specified, the Sheriff then levies upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution upon the person from whom the judgment debtor is receiving or will receive money (subd. [d]).
The Sheriff questions whether or not the judgment debtor is in default in not paying under the execution when his earnings are subject to a wage assignment. The Sheriff urges that the judgment debtor’s earnings above 10% thereof are exempt from execution; that since he is paying 10% on the wage assignment there is no fund left out of which the judgment debtor could satisfy the judgment and thus he may not be deemed in default in making payment under the money execution.
Section 5231 of the Civil Practice Law and Rules does not lend itself to such interpretation. Subdivision (d) of the section clearly shows that a default occurs when the judgment debtor 1 ‘ fails to pay installments pursuant to an income execution served upon him for a period of twenty days, or if the sheriff is unable to serve an income execution upon the judgment debtor within twenty days after the execution is delivered to the sheriff.” This does not mean a willful or deliberate refusal to pay. It means any failure to pay. Any other definition of default is not warranted.
It is readily apparent that were we to adopt the definition as urged by the Sheriff a judgment creditor’s rights might be put into jeopardy. If the income execution is not served during the period when deductions are being made under the wage assignment the employer might commence payment of a subsequent wage assignment at the conclusion of payment of the first assignment and prior to the service of the income execution. Thus the second wage assignment would acquire priority over the income execution. However, if the income execution is served upon the employer while earnings are being withheld under a wage *951 assignment, the income execution would have priority over other wage assignments. (See Personal Property Law, § 48-a.)
Accordingly, since the judgment debtor has failed to make payment in accordance with the income execution, the Sheriff was required to serve the income execution upon the debtor’s employer. The motion is granted.